# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00181-FDW

| | |
|---|---|
| GREGORY H. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FNU RICKMAN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending are two motions by Plaintiff for preliminary injunction [Docs. 8, 10] and two separate documents Plaintiff submitted to the Court entitled "Count #3" and "Count #4" of his case, which he filed on January 2, 2019 and January 14, 2019, respectively. [Docs. 7, 9]. On January 3, 2019, the Court received Plaintiff's filing fee.

## I. BACKGROUND

Pro se Plaintiff Gregory H. Jones ("Plaintiff"), a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on November 13, 2018, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names no less than twenty-three Defendants, and Plaintiff alleges various claims arising out of unrelated events occurring during his incarceration at Alexander Correctional Institution and his previous place of incarceration, Mountain View Correctional Institution. [Doc. 1]. For instance, in "Count #1," Plaintiff complains about the denial of dental care, spanning from late June 2018 through the filing

of his Complaint against no less than nine Defendants, claiming violations of the Eighth Amendment. [See Doc. 1-1 at 1-8]. Plaintiff seeks injunctive relief for dental care, declaratory relief invalidating various dental policies, compensatory damages, court costs, expenses, and legal fees. In "Count #2," Plaintiff complains about a host of conduct in or around November 2015 by no less than fourteen Defendants at Mountain View Correctional Institution, although the Plaintiff does not allege the dates of each alleged constitutional violation. Plaintiff contends these Defendants punished him for his disabilities in violation of State law, the Americans with Disabilities Act (ADA), and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. [Doc. 1-1 at 9-18]. Plaintiff's complaints against these Defendants range from requiring Plaintiff to work in the prison kitchen without regard to his limiting disabilities to allowing four of Plaintiff's sandwiches to spoil while he was "in the hole." [Id.].

In "Count #3," which Plaintiff later separately submitted to the Court, Plaintiff complains against "nearly all defendants [that] work at Mountain View Correctional Institution," including no less than thirty-two named defendants, about the denial of access to a podiatrist from February 2016 to in or around August 2017 during his incarceration at Mountain View Correctional Institution. [Doc. 7]. While Plaintiff termed this Count #3" as "Denial of Podiatrist," his complaints include a host of other grievances against these thirty-two defendants, allegedly violative of State law, the ADA, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. [Id.]. For Count #3, Plaintiff seeks court costs, legal fees, expenses, postage, declaratory and injunctive relief, and compensatory and punitive damages. [Id.].

Then, in "Count #4," also separately submitted by the Plaintiff, Plaintiff states an additional claim he calls "Denial of Medication" against four defendants for conduct beginning in or around December 2018 at the Alexander Correctional Institution. [Doc. 9]. Plaintiff complains that the

2

Defendants named in that filing denied him the motion sickness medication he needs to travel for medical appointments, alleging this conduct interferes with his access to the courts and to outside medical appointments in violation of the First and Eighth Amendments. [Id.]. Within Count #4, Plaintiff includes a Motion for Preliminary Injunction in which he requests that the Court order Defendants to provide him with his motion sickness medication. [Id. at 6]. Plaintiff also seeks court costs, legal fees, postage, "labor," and compensatory and punitive damages. [Id. at 4].

## II. STANDARD OF REVIEW

"Notwithstanding any filing fee … that may have been paid," the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

In its initial review, the Court finds that Plaintiff's Complaint suffers from numerous deficiencies. Plaintiff must therefore amend his Complaint, or this action will be subject to dismissal without prejudice and without further notice to Plaintiff. For instance, to the extent that Plaintiff has named various supervisors at the prisons where he has been incarcerated or otherwise

solely based on their supervisory positions, these Defendants are subject to dismissal. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

Additionally, and most significantly, Plaintiff has alleged numerous, unrelated claims against numerous, unrelated defendants in this action, and he has not specified the dates on which each alleged constitutional violation occurred, particularly for his complaints listed in Count #2. Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See FED. R. CIV. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Plaintiff may only bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. FED. R. CIV. P. 20(a)(2). Here, Plaintiff's unrelated claims against different defendants may not be litigated in the same action. Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017) ("Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action. For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact.").

The Court advises Plaintiff that his amended complaint must be complete in and of itself.

This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

As to Plaintiff's Motions for Preliminary Injunction [Docs. 8, 10], the Court will dismiss these motions without prejudice to the Plaintiff re-filing such motions relative to a complete and properly submitted amended complaint. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009). The Court cannot assess Plaintiff's likelihood to succeed on the merits and cannot grant a preliminary injunction without a proper underlying complaint.

With respect to Counts #3 and #4, the Court will order these filings [Docs. 7, 9] be stricken from the record in this matter. At best, these filings may be viewed as motions to amend Plaintiff's Complaint. Amended complaints necessarily supersede all previously filed complaints. As such, "Count #4" would be the only viable complaint in this action if the Court were to construe it as a motion to amend. Furthermore, Plaintiff's Counts #3 and #4 state additional unrelated claims against different defendants that cannot be filed with Plaintiff's original Complaint in any event, even if Plaintiff had amended it properly. The Court, therefore, will strike both these filings. [Id.].

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims and identifying individual Defendants subject to suit. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an amended complaint purports to bring claims against multiple defendants that are wholly unrelated, the amended complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.

2. Plaintiff's Motions for Preliminary Injunction [Docs. 8, 10] are both **DENIED WITHOUT PREJUDICE** to re-file such motions relative to a complete and proper amended complaint.

3. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

**IT IS SO ORDERED.**

Signed: May 9, 2019

Frank D. Whitney
Chief United States District Judge