# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:18-cv-00181-FDW

| | |
|---|---|
| GREGORY H. JONES, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) **ORDER**<br>) |
| FNU RICKMAN, et al., | )<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983. [Doc. 16]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On January 3, 2019, the Court received Plaintiff's filing fee.

## I. BACKGROUND

Pro se Plaintiff Gregory H. Jones ("Plaintiff"), a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed his original Complaint on November 13, 2018, pursuant to 42 U.S.C. § 1983. On initial review of the original Complaint, this Court found that Plaintiff's Complaint suffered from numerous deficiencies and allowed Plaintiff 30 days to file an Amended Complaint to cure those deficiencies. [Doc. 11].

On June 14, 2019, the Plaintiff timely filed his Amended Complaint. [Doc. 16]. In the Amended Complaint, the Plaintiff names as Defendants, in their individual and official capacities: (1) FNU Rickman, identified as a dentist employed by the North Carolina Department of Public Safety (NCDPS); (2) FNU Townsend, identified as a dentist employed by the NCDPS; (3) FNU Abreu, identified as a dentist employed by the NCDPS; and (4) Eric Hooks, identified as the

Secretary of the NCDPS.[1]  Plaintiff claims that these Defendants violated his Eighth Amendment rights by their deliberate indifference to his serious medical needs.  Specifically, Plaintiff alleges that between December 2016 and November 2018, while incarcerated at Alexander Correctional Institution and Mountain View Correctional Institution, he was denied necessary dental care by Defendants Rickman, Townsend, and Abreu pursuant to NCDPS policy, adopted by Defendant Hooks, that provides for long outdated and inadequate dental care.  [Doc. 16 at 15-16; Doc. 16-1 at 1-3].

Further, Plaintiff alleges that the denial of adequate dental care is motivated by cost alone without regard to modern medical standards.  [Id. at 13-16].  As a result of the inadequate care provided by the Defendant dentists, Plaintiff claims to have suffered tooth abscess, broken teeth, significant pain, and other injury so extensive that he cannot be treated with a partial plate.  Rather, Plaintiff must now have his remaining teeth extracted and wait over a year for dentures.  Plaintiff seeks injunctive and declaratory relief and damages.  [Id. at 5].

## II.  STANDARD OF REVIEW

"Notwithstanding any filing fee … that may have been paid," the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and

---

[1] Plaintiff describes conduct by other individuals in the body of his Complaint after stating, "So I must name all policymakers as defendants and challenge their policy too.  This is not a case of respondeat superior.  All defendant are policymakers, except the dentists."  [Doc. 16 at 15].  These individuals include Kenneth Lassiter, Christopher Murray, Paula Smith, Dora Plummer, James Claire, and Donna L. Woodruff.  The Plaintiff, however, does not name these individuals as Defendants in this case.  [See id. at 2-3].  If Plaintiff intended to and wishes to name these individuals as Defendants at this stage, he must file a proper motion with the Court.

the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an

excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Taking Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that the Plaintiff has stated a claim against Defendants for deliberate indifference to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

IV. **CONCLUSION**

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Complaint [Doc. 16] survives initial review under § 1915(e) and 28 U.S.C. § 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive

service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants FNU Rickman, FNU Townsend, FNU Abreu, and Eric Hooks, who are current or former employees of NCDPS.

**IT IS SO ORDERED**.

Signed: June 20, 2019

Frank D. Whitney
Chief United States District Judge