# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00181-FDW

| | |
|---|---|
| GREGORY H. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU RICKMAN, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion.

On August 19, 2019, the North Carolina Department of Public Safety (NCDPS) filed a notice under seal indicating it was unable to procure a waiver of service for Defendants Rickman, Abreu, Townsend, Plummer, and Smith for the reasons set out in that notice. [Doc. 26]. The sealed notice provides the last known address for Defendants Rickman, Abreu, Plummer, and Smith. [Id.]. The sealed document also indicates that Defendant FNU Rickman is actually Jeffrey E. Rickman; that Defendant FNU Abreu is actually Belinda E. Abreu-Pena; and that Defendant FNU Townsend is actually Timothy F. Townsend. It also appears that certain information related to Defendant Abreu-Pena was duplicated in the notice and certain information related to Defendant Townsend may have been inadvertently omitted.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have

been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants Rickman, Townsend, Abreu-Pena, Plummer, or Smith were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants Rickman, Abreu-Pena, Plummer, and Smith, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 26 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Rickman, Abreu-Pena, Plummer, and Smith.

Further, the Court will order the NCDPS to supplement its notice with information regarding Defendant's Townsends last known address, if known.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 26 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Rickman, Abreu-Pena, Plummer and Smith in accordance with Rule 4.

(3) The North Carolina Department of Public Safety ("NCDPS") shall supplement its

Notice filed as Doc. No. 26 in this matter to provide additional information regarding Defendant Townsend in accordance with this Order.

(4) The Clerk is respectfully instructed to transmit a copy of this Order to the NCDPS.

(5) The Clerk is also respectfully instructed to change the docket in this matter to reflect the true names of Defendant Rickman, Abreu, and Townsend as reflected in Document 26.

Signed: August 20, 2019

Frank D. Whitney
Chief United States District Judge