# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00181-FDW

| | | |
|---|---|---|
| GREGORY H. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU RICKMAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on its own motion.

On August 21, 2019, the North Carolina Department of Public Safety (NCDPS) filed a notice under seal indicating it was unable to procure a waiver of service for Defendant Townsend for the reasons stated in that notice. [Doc. 30]. The sealed notice provides the last known address for Defendant Townsend. [Id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served

[Defendant] with reasonable effort").

Here, despite that a request for waiver of service was submitted to the NCDPS, no waiver from Defendant Townsend was obtained. As such, it does not appear that this Defendant actually ever received service of process. With the additional information supplied for service on Defendant Townsend, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on this Defendant in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 30 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Townsend.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 30 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Townsend in accordance with Rule 4.

Signed: August 22, 2019

Frank D. Whitney
Chief United States District Judge