# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00181-FDW

| | |
|---|---|
| GREGORY H. JONES, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| JEFFREY E. RICKMAN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Help to Get an Expert Witness." [Doc. 63].

Pro se Plaintiff Gregory H. Jones, a North Carolina state inmate currently incarcerated at Pender Correctional Institution, filed this action on November 13, 2018, pursuant to 42 U.S.C. § 1983, against numerous defendants for deliberate indifference to serious medical needs while Plaintiff was incarcerated at Alexander Correctional Institution and Mountain View Correctional Institution. [Doc. 1]. Plaintiff's Complaint survived initial review. [Doc. 17]. On August 30, 2019, Plaintiff filed his notification of acceptance of assistance of the North Carolina Prisoner Legal Services (NCPLS) during the discovery period in this matter. [Doc. 33]. On October 16, 2019, the Court entered a scheduling order, setting February 12, 2020 as the deadline for discovery. [Doc. 56]. On October 23, 2019, Mani Dexter, of the NCLPS, filed a Limited Notice of Appearance for Purpose of Conducting Discovery. [Doc. 57].

Plaintiff now moves the Court to order that Plaintiff have "access to e-mail, internet, and toll free numbers so that [he] can find and obtain an expert witness" at his place of incarceration. [Doc. 63]. Plaintiff states that he tried writing and calling two dentists, but he received no answer

to his letters or phone calls. Plaintiff states, according to prison policy, he is not allowed to leave messages on voice mail or use a phone book or e-mail "due to policies of Director Lassiter and DPS Secretary Hooks." [Id.]. Plaintiff states the prison "ban[s] cell phones, toll free numbers, and e-mail, and internet access due to 'security' concerns. Pay phones are ok due to the comission [*sic*] or kickback the prison system gets." [Id. at 2]. Plaintiff claims that by denying him access to an expert witness, "defendants violate his 1st and 4th Amendment Rights, to sabotage this case." [Id. at 1]. Plaintiff also contends that "this conflict of interest constitutes obstruction of justice." [Id.]

Plaintiff's arguments are not well taken. The discovery period in this action only recently began. Plaintiff states he has only attempted to contact two potential experts and received no responses. By his own admission, Plaintiff is allowed the use of the mail and the telephone to contact potential experts. Further, although Plaintiff seems unimpressed by the need to restrict prisoners' access to the internet and e-mail due to "security" concerns, these limitations seem reasonable and appropriate. Finally, the NCPLS has been appointed to assist Plaintiff in conducting discovery in this case. Should the NCPLS decide to represent Plaintiff after assisting with discovery, the NCPLS may request that the Court order an additional discovery period that would include time for depositions of parties and witnesses and designations of expert witnesses. Standing Order, 3:19-mc-60, ¶ 7. Plaintiff may similarly move for additional time to obtain and designate an expert should the NCPLS decline to represent Plaintiff after discovery.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Help to Get an Expert Witness" is **DENIED** for the reasons stated in this Order. If, after the NCPLS conducts discovery for Plaintiff pursuant to the Pretrial Order and Case Management Plan [Doc. 56] and the Standing Order in 3:19-mc-60, Plaintiff may move for an extension of the discovery period to find, retain

and designate an expert witness, if he so chooses.

Signed: November 25, 2019

Frank D. Whitney
Chief United States District Judge