UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00181-FDW

| | |
|---|---|
| GREGORY JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFREY E. RICKMAN, et al., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Discovery" [Doc. 65], Plaintiff's "Motion for Legal Aid" [Doc. 66], and a Motion to Withdraw as Counsel by North Carolina Prisoner Legal Services (NCPLS) attorney, Mani Dexter [Doc. 67].

Pro Se Plaintiff Gregory H. Jones ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Pender Correctional Institution in Burgaw, North Carolina. Plaintiff filed a Complaint under 42 U.S.C. § 1983 on November 13, 2018. [Doc. 1]. Plaintiff filed an Amended Complaint on June 14, 2019 [Doc. 16], which survived initial review [Doc. 17]. On August 30, 2019, Plaintiff accepted the assistance of the NCPLS to represent him during the discovery phase of these proceedings. [Doc. 33]. On October 23, 2019, NCPLS Attorney Mani Dexter filed a notice of appearance in this matter "for the limited purpose of assisting Plaintiff … with conducting discovery." [Doc. 57].

Plaintiff now files a "Motion for Discovery" with the Court in which he states, "NCPLS Attorney Mani Dexter does not represent me. He or she refused to speak with me, follow instructions, or help with what I actually need." [Doc. 65]. Plaintiff then recites various discovery items he presumably seeks from Defendants in this matter. [Id.].

The Court will deny Plaintiff's Motion for Discovery. Discovery requests should not be filed with the Court. Discovery materials should only be exchanged between the parties. All future discovery requests must be served on the opposing party. Plaintiff is instructed to review the terms of the PTOCMP entered by this Court. [See Doc. 56 at 2].

As for Plaintiff's motion for legal aid, Plaintiff contends that his attorney, Mani Dexter, who has been appointed to represent Plaintiff for the purpose of conducting discovery in this matter, "refuses to help" Plaintiff find an expert witness. [Doc. 66]. Plaintiff attached to his motion a letter that he received from Attorney Dexter in which Attorney Dexter advises Plaintiff that the NCLPS is unable to assist Plaintiff in finding an expert witness for Plaintiff's case. [Id. at 4]. Contrary to Plaintiff's assertion that the NCPLS "refuses to help" him, the Court recognizes that assisting Plaintiff to locate an expert may be outside the scope of NCPLS' current representation of Plaintiff. [See Doc. 56 at 3-4]. As the Court has previously advised Plaintiff, he "may move at the appropriate time for an extension of the discovery period to find, retain and designate an expert witness, if he so chooses." [Doc. 64 at 2]

Plaintiff also states that he is "the only party in this case who cannot electronically file, make copies, do legal research for memoranda of law the court requires, or meet deadlines of 14, 7, or 3 days" because "[s]nail mail takes about a week in each direction." [Id.]. Plaintiff requests, therefore, that the Court order Defendants Lassiter and Hooks to allow him to have "a computer with internet access, printer, copier, scanner, and storage discs for other files." [Id. at 2]. Plaintiff states he can pay for the equipment himself and that digital files would eliminate the "'fire and storage' hazard excuse for denying or confiscating [his] legal materials."[1] [Id. at 3].

The Court will deny Plaintiff's motion. Plaintiff cites no legal basis for allowing Plaintiff

---

[1] Plaintiff makes several other complaints in his motion but does not appear to request any particular relief relative to those complaints. The Court, therefore, does not address them further.

to his own personal computer equipment and accessories available for his use, whether he can personally supply or finance them or not, and the Court is aware of none. The Court has already addressed Plaintiff's previous request for Internet access. [See Doc. 64 at 2]. Further, should Plaintiff need any deadlines enlarged to accommodate the requirement that he mail, rather than electronically file, any documents, he may also move the Court accordingly.

Next, as to Attorney Dexter's motion to withdraw as counsel in this case, as grounds, counsel states that in Plaintiff's Motion for Discovery [Doc. 65], he states "NCPLS Attorney Mani Dexter does not represent [him]." [Doc. 67 at 2]. Attorney Dexter also notes that, in Plaintiff's Motion for Legal Aid, Plaintiff included examples of various ways in which Plaintiff believed Attorney Dexter has denied Plaintiff assistance. [Id.]. Further, Attorney Dexter states that, on a recent telephone call with Plaintiff to confirm Plaintiff's intentions, Plaintiff indicated that he would conduct his own discovery and that he did not need assistance from the NCPLS. [Id.].

The Court will grant Attorney Dexter's motion to withdraw as counsel for the reasons stated in Attorney Dexter's motion and because Plaintiff's own submissions to the Court reflect that he no longer considers Attorney Dexter his attorney.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's "Motion for Discovery" [Doc. 65] is **DENIED**.

(2) Plaintiff's "Motion for Legal Aid" [Doc. 66] is **DENIED**.

(3) Plaintiff's Motion to Withdraw as Counsel [Doc. 67] is **GRANTED**.

Signed: December 18, 2019

Frank D. Whitney
Chief United States District Judge