# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00181-FDW

| | |
|---|---|
| **GREGORY JONES,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )    **ORDER** |
| | ) |
| **JEFFREY E. RICKMAN, et al.,** | )<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Clarification of Motion for Discovery" [Doc. 71] and Plaintiff's Motion to Compel Discovery [Doc. 72].

Pro Se Plaintiff Gregory H. Jones ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Pender Correctional Institution in Burgaw, North Carolina. Plaintiff filed a Complaint under 42 U.S.C. § 1983 on November 13, 2018. [Doc. 1]. Plaintiff filed an Amended Complaint on June 14, 2019 [Doc. 16], which survived initial review [Doc. 17]. On August 30, 2019, Plaintiff accepted the assistance of the NCPLS to represent him during the discovery phase of these proceedings. [Doc. 33]. On October 23, 2019, NCPLS Attorney Mani Dexter filed a notice of appearance in this matter "for the limited purpose of assisting Plaintiff … with conducting discovery." [Doc. 57]. However, due to disagreements over Attorney Dexter's representation of Plaintiff, the Court granted Attorney Dexter's motion to withdraw as counsel and Plaintiff again proceeds pro se. [Docs. 67, 70].

On January 6, 2020, Plaintiff filed a "Clarification of Motion for Discovery," in which he "hereby reiterate[s]" a discovery "motion" he filed in this case on December 4, 2019, [Doc. 65], and which the Court denied [Doc. 70]. The Court denied Plaintiff's motion because it was, in

reality, a discovery request on Defendant Claire. [Id. at 2]. The Court did not deny Plaintiff discovery, as he argues in his motion. [Doc. 71]. The Court simply advised Plaintiff that discovery materials should only be exchanged between the parties. They are not properly filed with the Court unless or until there is a dispute over a party's response (or lack of response) and intervention by the Court is needed. LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion or petition.").

Further, in the instant motion, Plaintiff states "I can file [discovery requests] with Defendants and omit the Court if the Court prefers as long as [Defendants] respond." [Doc. 71]. Whether the Plaintiff properly serves his discovery requests on opposing counsel, rather than filing them with the Court, is not a matter of the Court's preference, but dictated by our Local Rules. See LCvR 26.2. The Plaintiff's "Clarification of Motion for Discovery" will, therefore, be denied.

On January 15, 2020, Plaintiff filed a Motion to Compel Discovery. [Doc. 72]. It appears that between the filing by Plaintiff of the two motions before the Court that Plaintiff received discovery responses from at least one Defendant. In his motion to compel, Plaintiff takes issue with the adequacy of the responses he received. Plaintiff, however, fails to include with his motion a copy of the discovery request at issue and a copy of the discovery response or responses at issue. When a party seeks the assistance of the Court in ordering another party to respond to a discovery request, the party must include a copy of the disputed materials so that the Court has enough information to make a ruling. See LCvR 26.2 (3).

The Court, therefore, will deny Plaintiff's Motion to Compel Discovery without prejudice.

Plaintiff may refile his motion to compel with the proper materials in support of his motion.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Clarification of Motion for Discovery [Doc. 71] is **DENIED**.

2. Plaintiff's Motion to Compel Discovery [Doc. 72] is **DENIED** without prejudice in accordance with the terms of this Order.

Signed: January 23, 2020

Frank D. Whitney
Chief United States District Judge