UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00181-MR

| | |
|---|---|
| GREGORY H. JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFREY R. RICKMAN, et al., )<br>)<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 100] and Motion for Identification and Substitution of Parties [Doc. 101].

Pro se Plaintiff Gregory H. Jones ("Plaintiff"), a prisoner of the State of North Carolina currently incarcerated at Pender Correctional Institution in Burgaw, North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on November 13, 2018. [Doc. 1]. Early in this action Plaintiff sought and was denied appointment of counsel. [Docs. 12, 13]. On October 16, 2019, the Court appointed counsel for Plaintiff for the limited purposes of conducting discovery in this matter. [Doc. 56]. On November 25, 2019, in denying Plaintiff's "Motion for Help to Get an Expert Witness" [Doc. 64], the Court advised Plaintiff that "Plaintiff may move for an extension of the discovery

period to find, retain and designate an expert witness, if he so chooses." [Doc. 64 at 1-2]. Thereafter, and still during the discovery period, Plaintiff's appointed attorney moved to withdraw as counsel after it became apparent that Plaintiff did not consider her his attorney and was dissatisfied with her services. [Doc. 67]. The Court granted counsel's motion to withdraw and Plaintiff again proceeded pro se. [Doc. 70]. The parties have all moved for summary judgment. [Docs. 74, 88, 91].

Plaintiff now moves again for the appointment of counsel. [Doc. 100]. As grounds, Plaintiff describes difficulty with obtaining certain discovery responses and recites his disagreement with various averments made in support of Defendants' summary judgment motions. [Id.]. Plaintiff also again takes issue with his inability to locate and retain an expert witness. [Id. at 3-4]. Buried in Plaintiff's motion, he states "I must now ask for a continuance until I can find an expert witness." [Id. at 4]. Plaintiff, as he has in previous filings, also realleges facts in support of his claims. Ultimately, Plaintiff states, "[t]he reason I seek an attorney or paralegal (cheaper) is to help me locate an expert witness." [Id. at 5].

Plaintiff's motion is not well taken. The discovery period in this case ended on February 12, 2020. [Doc. 56]. Plaintiff sought no extension of the discovery period to retain an expert, despite express instruction by the Court

2

that he may do so. Now, after motions for summary judgment have been pending for some time, Plaintiff seeks appointment of counsel to assist him in retaining an expert. [Doc. 100]. The Court will deny Plaintiff's motion for appointment of counsel as moot because, even if counsel were appointed, it is too late to designate an expert in this matter.[1]

Plaintiff also moves to substitute a party or parties as Defendants in this matter, apparently in response to representations made by Defendants in their summary judgment materials. [See Doc. 101]. Specifically, it appears that Defendant Dora Plummer never served as the Director of Health Services, as Plaintiff alleged, and instead, one or more of three other individuals identified by Plaintiff in his motion may have served in that capacity. Plaintiff also asks, "Can the Court or U.S. Marshal find the truth and add that person as a defendant?" [Id.].

Plaintiff's motion to identify and substitute parties will also be denied. The deadline to amend and to join additional parties was December 4, 2019. [Doc. 56]. Plaintiff did not move to extend that deadline. Moreover, adding Defendants after summary judgment motions are ripe for adjudication, as Plaintiff seeks to do here, is wholly untenable. Also, it is not within the

---

[1] To the extent Plaintiff seeks to stay this action, the Court denies this request as moot because the deadline to identify an expert in this matter has expired.

3

province of this Court or the U.S. Marshal to identify defendants that plaintiffs have not timely identified themselves or otherwise.

## **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. 100] and Plaintiff's Motion for Identification and Substitution of Parties [Doc. 101] are **DENIED** in accordance with this Order.

**IT IS SO ORDERED.**

Signed: July 24, 2020

Martin Reidinger
Chief United States District Judge